IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:19-00038

BRANDI MARTIN

**MEMORANDUM OPINION**

Pending before the court was defendant's motion to dismiss the indictment with prejudice for violation of the Speedy Trial Act. (ECF No. 37). The government filed a response in opposition to defendant's motion, see ECF No. 38, and a pretrial motions hearing was held in this matter on March 26, 2019. At the conclusion of the hearing, the court **GRANTED** defendant's motion insofar as it sought dismissal of the indictment but **DENIED** the motion to dismiss with prejudice. Instead, the court dismissed the indictment without prejudice. The reasons for that decision follow.

**Background**

A criminal complaint was filed against Martin on October 5, 2018, charging her with possession with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Martin was arrested in connection with this charge that same day and had an initial appearance before United States Magistrate Judge Dwane L. Tinsley. On October 16, 2018, preliminary and detention hearings were held before Magistrate Judge Tinsley and Martin was ordered detained. On October 25,

2018, a "Waiver of Right to Be Indicted Within Thirty (30) Days" was filed. The Waiver was signed by both Martin and her attorney.[1] Thereafter, on January 30, 2019, Martin filed a motion to dismiss the criminal complaint. On February 6, 2019, a one-count indictment was filed charging Martin with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

**Analysis**

The Speedy Trial Act ("the Act") requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If an indictment or information is not filed within the thirty-day period, "such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1). Dismissal is mandatory if the government fails to comply with the applicable time limits. See United States v. Cherry, 720 F.3d 161, 165 (4th Cir. 2013) (quoting 18 U.S.C. § 3162(a)(1) in recounting "the consequences for failing to timely indict . . . a defendant").[2]

---

[1] The Waiver was requested by Martin, through her attorney. See ECF No. 37 at p. 2.

[2] The Cherry court explained that the Act contains both a "speedy indictment" provision and a "speedy trial" provision.

2

A.  *The indictment must be dismissed*

The government concedes that Martin was not indicted within the requisite thirty (30) days.  Accordingly, everyone agrees that the indictment (and the underlying criminal complaint) must be dismissed.  Defendant and the government differ, however, on whether that dismissal should be with or without prejudice.

B.  *Dismissal with or without prejudice*

In determining whether a dismissal under 18 U.S.C. § 3162(a)(1) should be with or with prejudice, "the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."  18 U.S.C. § 3162(a)(1); see also United States v. Taylor, 487 U.S. 326, 333, (1988) ("As is plain from the language, courts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but, in order to proceed under the Act, must consider at least the three specified factors.").  Prejudice to the defendant is another factor which the court should consider in determining whether to bar reprosecution.  See Taylor, 487 U.S. at 334 ("Although the discussion in the House is inconclusive as to the weight to be

---

Cherry, 720 F.3d at 165.  This case involves a violation of the "speedy indictment" provision of the Act.

3

given to the presence or absence of prejudice to the defendant, there is little doubt that Congress intended this factor to be relevant for a district court's consideration.").

"The legislative history also confirms that, consistent with the language of the statute, Congress did not intend any particular type of dismissal to serve as the presumptive remedy for a Speedy Trial Act violation." Id. A district court's decision in this regard is reviewed under an abuse of discretion standard. See id. at 335 ("[T]he decision to dismiss with or without prejudice was left to the guided discretion of the district court, and [ ] neither remedy was given priority."). Of the court's discretion in ths regard, the Taylor court summarized:

> Ordinarily, a trial court is endowed with great discretion to make decisions concerning trial schedules and to respond to abuse and delay where appropriate. The Speedy Trial Act, however, confines the exercise of that discretion more narrowly, mandating dismissal of the indictment upon violation of precise time limits, and specifying criteria to consider in deciding whether to bar reprosecution.

Id. at 343-44.

### 1. **Seriousness of Offense**

As to the first factor, the court concludes that Martin is charged with a serious offense. See, e.g., United States v. Becerra, 435 F.3d 931, 936 (8th Cir. 2006) ("Conspiring to distribute methamphetamine and cocaine are serious offenses."). Possession with intent to distribute methamphetamine is

4

punishable by a maximum term of twenty years or, for a defendant who has a prior conviction for a felony drug offense, thirty years. See 21 U.S.C. § 841(b)(1)(C). This factor clearly weighs in favor of dismissal without prejudice.

### 2. Facts and Circumstances of the Case

Regarding the second factor, "the facts and circumstances of the case which led to the dismissal," the court likewise concludes that it does not weigh in favor of a dismissal with prejudice. "[T]he decision of whether to dismiss <u>with or without prejudice</u> already assumes the Government's failure; the inquiry becomes <u>why</u> the government failed." <u>United States v. Wright</u>, 6 F.3d 811, 814 (D.C. Cir. 1993) (emphasis in original). The parties agree that the delay in this case is attributable to the "Waiver of Right to Be Indicted Within Thirty (30) Days" signed by Martin and her attorney. (ECF No. 20).

The validity of speedy trial and speedy indictment waivers has long been in doubt. <u>See, e.g.</u>, <u>United States v. Rodriguez</u>, 824 F. Supp. 657, 660 (W.D. Tex. 1993) ("Title 18 U.S.C., section 3161(b) requires an indictment or information be filed within thirty days of arrest. On its face, each of these cases are in violation of this section. The defendant's `waivers of speedy trial' do not cure the default."); <u>see also</u> <u>United States v. Zhu</u>, No. 2002M0421-RBC, 2002 WL 1587122, *1 (D. Mass. July 17, 2002) ("The matter of waiver of indictment within 30 days is a

5

different matter. As an initial matter, the waiver is ineffective. There is no provision of the Speedy Trial Act which permits the time limits to be extended merely by a defendant filing a waiver. This is because the Speedy Trial Act was designed to serve the public's interest in a speedy trial of those charged with federal criminal offenses."). However, any doubt as to their validity was put to rest more than ten years ago. In <u>Zedner v. United States</u>, 547 U.S. 489, 500 (2006), the Supreme Court held that a defendant could not prospectively waive application of the Speedy Trial Act. According to the Court:

> [T]he Speedy Trial Act comprehensively regulates the time within which a trial must begin. Section 3161(h) specifies in detail numerous categories of delay that are not counted in applying the Act's deadlines. Conspicuously, § 3161(h) has no provision excluding periods of delay during which a defendant waives the application of the Act, and it is apparent from the terms of the Act that this omission was a considered one. Instead of simply allowing defendants to opt out of the Act, the Act demands that defense continuance requests fit within one of the specific exclusions set out in subsection (h). Subsection (h)(8), which permits ends-of-justice continuances, was plainly meant to cover many of these requests. Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are a defendant's need for "reasonable time to obtain counsel," and "effective preparation" of counsel. § 3161(h)(8)(B)(iv). If a defendant could simply waive the application of the Act whenever he or she wanted more time, no defendant would ever need to put such considerations before the court under the rubric of an ends-of-justice exclusion.
>
> The purposes of the Act also cut against exclusion on the grounds of mere consent or waiver. If the Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a

> defendant to waive the application of the Act. But the
> Act was designed with the public interest firmly in
> mind. See, e.g., § 3161(h)(8)(A) (to exclude delay
> resulting from a continuance—even one "granted . . . at
> the request of the defendant"—the district court must
> find "that the ends of justice served . . . outweigh
> the <u>best interest of the public</u> and the defendant <u>in a
> speedy trial</u>" (emphasis added). That public interest
> cannot be served, the Act recognizes, if defendants may
> opt out of the Act entirely.

Id. at 500-01. Our appeals court has recognized <u>Zedner</u>'s impact on the use of speedy trial waivers. See <u>United States v. Henry</u>, 538 F.3d 300, 306 (4th Cir. 2008) ("We recognize that <u>Zedner</u> presented the district court with an unanticipated problem in the Henrys' case. <u>Zedner</u>'s new interpretation of the Speedy Trial Act imposed stricter requirements for granting ends-of-justice continuances. These requirements meant, among other things, that the Henrys' speedy trial waivers were invalid.").

Accordingly, Martin's waiver of her speedy trial rights was invalid and did not toll the time within which the government was required to indict her. However, the record is also clear that the government's speedy indictment failure was not based on bad faith or neglect but, instead, a considered decision to allow defendant sufficient time to cooperate and perhaps obtain a more advantageous plea offer.[3] Although counsel for defendant now

---

[3] Although the parties disagree about how much of the time preceding the filing of the indictment was actually spent in plea negotiations, the government asks that time spent in plea negotiations be excluded by the court. See ECF No. 38 at p. 7 (citing cases holding that ends-of-justice continuances may be appropriate for plea negotiations). In so doing, the United

7

argues that he believes there were no ongoing plea negotiations, the emails he provided suggest otherwise. Furthermore, counsel for defendant does not dispute that he was the one who sought the waiver or that he and defendant both signed it. While he now quarrels with the open-ended nature of that waiver, there is no evidence that he informed anyone, including the court, of the waiver's invalidity until he filed the motion to dismiss the complaint. Therefore, based upon the facts and circumstances of this case, the court cannot conclude that the government was "truly neglectful" or acted in bad faith such that dismissal with prejudice is warranted.

Defendant filed a last-minute motion to continue the trial in order to try to obtain additional evidence to support her assertion that the use of a prospective waiver in this case was

---

States is, in effect, asking the court to grant an ends-of-justice continuance after the fact. This the court cannot do. "What a district court may not do . . . is allow the deadline to expire and then later attempt to rationalize the delay as having been required by the interests of justice." United States v. Moss, 217 F.3d 426, 433 (6th Cir. 200); see also Henry, 538 F.3d at 304-06 (rejecting district court's attempt to make ends-of-justice findings approximately three months after granting continuance where stated findings were not supported by record). "The Act requires that when a district court grants an ends-of-justice continuance, it must `se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." Zedner v. United States, 547 U.S. 489, 506 (2006) (quoting 18 U.S.C. § 3161(h)(8)(A)). As the Court made clear, "the findings must be made, if only in the judge's mind, before granting the continuance." Id. In any event, as the government concedes, Martin was not timely indicted even if the court were to exclude the time period proposed by the government.

not an isolated incident but, rather, that it was a pattern and practice of the United States Attorney's Office for the Southern District of West Virginia. See ECF No. 39 at p. 2 ("It is counsel's belief that the crux of defendant's motion to dismiss will be determined by analyzing the prevalence, or lack thereof, of the use of waivers by the U.S. Attorney's Office to effectively circumvent the speedy trial act 30 day period to indict."). To that end, defendant sought a court order "directing the court's clerk's IT Personnel to conduct [an] analysis of the use of waivers by the U.S. Attorney's Office, since the pronouncement by the Supreme Court in Zedner in 2006 to the present". Id. at p. 4. The court declined to grant defendant's request for a continuance finding there was no need for the additional discovery. Based upon the fact that the court has another case currently pending before it where a speedy indictment waiver was filed,[4] as well as counsel for defendant's assertion that several attorneys had told him that these waivers are used with some regularity, the court finds that the use of the waiver in this case was not an isolated incident. Allowing additional discovery would only serve to prove what the court has already found to be true. To the extent that defendant attempts to show that the government demonstrated "a truly neglectful

---

[4] In that case, the defendant is represented by the Office of the Federal Public Defender and another Assistant United States Attorney is assigned to the case.

9

attitude" in _this_ case, the use of waivers in _other_ cases is not relevant. At best, that evidence would show the United States Attorney has a pattern of relying on these types of waivers to delay indictment. The court has assumed this to be true in reaching its decision herein.

In deciding to dismiss a case for violation of the speedy indictment provision of the Act without prejudice under similar circumstances, one court noted:

> In evaluating the second aspect of the test, facts and circumstances leading to dismissal, the court should focus "on the culpability on the delay-producing conduct." The evidence at [the] hearing disclosed that the defendants had each voluntarily entered into the waivers to allow the government time to further evaluate the merits of the charges or to allow the defendant an opportunity to cooperate. The facts indicate that both defendant and prosecution equally share culpability.
>
> Finally, this "waiver" practice, while proscribed by the Act, has for the most part been employed to benefit both sides.

United States v. Rodriguez, 824 F. Supp. 657, 661-62 (W.D. Tex. 1993). However, as the Rodriguez court cautioned:

> The court discerns no ill motive on the part of these parties. In each of these cases they seek to "sidestep" the provisions of the Speedy Trial Act for reasons they feel are in the best interest of the defendant and the public. However, a good faith delay, no matter how well intentioned, may undermine the integrity of the criminal justice system as much as deliberate abuse.

Id. at 660-61. To be sure, if the government continues to rely on the type of waiver executed herein, it does so at its own peril.

### 3. Impact of Reprosecution

Impact on reprosecution "often implicates the prejudice suffered by the defendant." United States v. Phillips, Criminal Action No. 7:17-cr-00001, 2018 WL 1885492, *4 (W.D. Va. Apr. 19, 2018). In this case, defendant has no doubt suffered real prejudice by being incarcerated since October. However, the 93-day delay is not exceptionally lengthy under the facts and circumstances of this case. For example, Martin was indicted on February 6, 2019 but the instant motion to dismiss was not filed until March 19, 2019. This additional time is not attributable to speedy indictment delay.

As the court has already noted, there is no evidence of bad faith on the part of the government and Martin has been charged with a serious crime. Furthermore, there is no evidence that the delay gave the government a tactical advantage. While the court should consider the need to deter the government from future violations of the Act, "[d]ismissal with prejudice is not the only way of deterring future violations." United States v. Eltahir, 1:16CR170-1, 2016 WL 5400420, *3 (M.D.N.C. Sept. 27, 2016). "Dismissal without prejudice is not a toothless sanction: it forces the Government to obtain a new indictment if it decides

11

to reprosecute, and it exposes the prosecution to dismissal on statute of limitations grounds." Taylor, 487 U.S. at 342; see also Eltahir, 2016 WL 5400420, at*4 ("Dismissal without prejudice still advances the goals of the Speedy Trial Act and deters future prosecutorial misconduct."). "[T]he purpose of deterring prosecutorial misconduct and delay would be little served by barring reprosecution." United States v. Reames, 40 F. App'x 861, 2002 WL 1611339, *1 (4th Cir. July 23, 2002).

For all these reasons, this factor likewise weighs in favor of dismissal without prejudice.

## Conclusion

There is no doubt the government's reliance on defendant's waiver of her speedy trial rights to fail to indict within the thirty days provided for in 18 U.S.C. § 3161(b) was improper. Likewise, it is clear that the government, in reliance on these types of waivers, has failed to abide by the time restrictions of § 3161(b) in other cases. However, by executing the waiver, a defendant is complicit in the government's violation of the Speedy Trial Act. Such complicity does not excuse the government's error but it does weigh in favor of dismissal without prejudice.[5]

---

[5] Given the court's opinion herein, the continued reliance on those sorts of waivers might compel a different conclusion in future cases.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record, to the United States Marshal for the Southern District of West Virginia, and to the Probation Office of this court.

IT IS SO ORDERED this 15th day of April, 2019.

ENTER:

David A. Faber
Senior United States District Judge